```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

JERRY FUNDERBURG,                )
          Petitioner,            )
                                 )   C.A. No. 04-11279-GAO
          v.                     )
                                 )
PAUL VERDINI,                    )
          Respondent.            )
```

MEMORANDUM AND ORDER

    For the reasons stated below, the petition shall be transferred to the First Circuit.

FACTS

    On June 9, 2004, petitioner Jerry Funderberg, an inmate at MCI Shirley, filed an application to proceed without prepayment of fees, a petition for a writ of habeas corpus under Section 2241, and a memorandum of law in support of the petition.  Funderberg challenges his 1976 convictions for first-degree murder, armed robbery, and the unlawful carrying of a revolver in Suffolk Superior Court.  Petition, p. 1.  As grounds for relief, he claims actual innocence, ineffective assistance of counsel, and prosecutorial misconduct.  Id. at p. 4.

    Funderberg filed a petition for a writ of habeas corpus under Section 2254 in this Court in 2000.  See Funderberg v. Verdini, C.A. No. 00-10256-EFH.  That petition was dismissed as untimely on respondent's motion on May 30, 2000.  Id. (Docket No. 11).

ANALYSIS

I.    The Court May Screen This Action

Although Funderberg brings this petition under Section 2241,

the rules governing Section 2254 cases may be applied at the

discretion of the district court to other habeas petitions.  See Rule

1(b) of the Rules Governing Section 2254 Cases; Perez v. Hemingway,

157 F. Supp. 2d 790, 795  (E.D. Mich. 2001).

Under Rule 4(b) of the Rules Governing Section 2254 Cases, the

Court is required to examine a petition, and if it "plainly appears

from the face of the motion. . . that the movant is not entitled to

relief in the district court," the Court "shall make an order for its

summary dismissal."  Rule 4(b); McFarland v. Scott, 512 U.S. 849, 856

(1994) (habeas petition may be dismissed if it appears to be legally

insufficient on its face).  A petition for a writ of habeas corpus

may also be summarily dismissed if it fails to set forth facts that

give rise to a cause of action under federal law.  28 U.S.C. § 2243;

Marmol v. Dubois, 885 F. Supp. 444, 446 (D. Mass. 1994).

> A.    A State Habeas Petitioner May Not Evade
>        "Second or Successive" Restrictions of
>        Section 2244 by Bringing His Petition
>        Under Section 2241 Rather Than Section 2254

Section 2241 confers jurisdiction on district courts to issue

writs of habeas corpus based on petitions from state or federal

prisoners who are "in custody in violation of the Constitution or

2

laws or treaties of the United States."  28 U.S.C. §§ 2241(a),

(c)(3).  Section 2254 confers jurisdiction on district courts to

issue writs "on behalf of a person in custody pursuant to the

judgment of a State court. . . on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United

States."  28 U.S.C. § 2254(a).

When two statutes cover the same situation, it is a well-

established canon of statutory construction that the more specific

statute takes precedence over the more general one.  Coady v. Vaughn,

251 F.3d 480, 484 (3d Cir. 2001).  Thus, the First Circuit has held

that a state prisoner in custody pursuant to the judgment of a state

court may not evade the restrictions that apply to petitions under

Section 2254 by filing a petition under Section 2241.  Brennan v.

Wall, No. 02-2642, 2004 WL 943591, at *1 (1st Cir. May 4, 2004);

accord Coady, 251 F.3d 480 at 484-485 (restrictions applicable to §

2254 petitions applied); Montez v. McKinna, 208 F.3d 862, 865 (10th

Cir. 2000) (same); Medberry v. Crosby, 351 F.3d 1049, 1060-1061 (11th

Cir. 2003) (same), cert. denied, 124 S. Ct. 2098 (May 03, 2004).[1]  To

---

[1]Several circuits have held that Section 2254 is the exclusive
avenue for a state court prisoner to challenge the constitutionality
of his detention.  Cook v. Div. of Parole, 321 F.3d 274, 278-279 & n.
4 (2d Cir. 2003) (challenge by person in custody as the result of a
state court judgment must be brought pursuant to § 2254); Walker v.
O'Brien, 216 F.3d 626, 633 (7th Cir. 2000) (construing petition as
being brought pursuant to § 2254); Crouch v. Norris, 251 F.3d 720,

3

hold otherwise would allow state prisoners to circumvent the

restrictions on Section 2254 petitions created by Congress and would

thwart Congressional intent.  <u>Brennan</u>, 2004 WL 943591, at *1.

    B.    <u>This Petition Is "Second or Successive"</u>

A habeas petition is "second or successive" where a

previous  petition has been decided on the merits.  <u>See</u> <u>Norton</u>

<u>v. United States</u>, 119 F. Supp. 2d 43, 44 n.1 (D. Mass. 2000);

<u>cf.</u> <u>Sustache-Rivera v. United States</u>, 221 F.3d 8, 12-13 (1st Cir.

2000) (citations omitted).[2]  Because Funderberg's previous

Section 2254 petition was dismissed as untimely, a decision on

the merits, the instant petition is "second or successive."

<u>Altman v. Benik</u>,337 F.3d 764, 766 (7th Cir. 2003) (per curiam) (a

---

722-723 (8th Cir. 2001) (same); <u>White v. Lambert</u>, __ F.3d __, 2004 WL
1276822, at *4 (9th Cir. June 10, 2004) (same).

    [2]The First Circuit in <u>Sustache-Rivera</u> listed four situations in
which a habeas petition would <u>not</u> be "second or successive:"  (1) the
later petition raises the same grounds as a previous petition that
was dismissed as premature; (2) a state prisoner's later petition
raises the same grounds as a previous petition dismissed for failure
to exhaust state remedies; (3) the earlier petition terminated
without a judgment on the merits; or (4) the later petition attacks a
different criminal judgment.  <u>Sustache-Rivera</u>, 221 F.3d at 12-13.
Although this list is not exclusive, <u>Norton v. United States</u>, 119 F.
Supp. 2d 43, 44 n.1 (D. Mass. 2000), at least one court in this
district has held that the tenor of the <u>Sustache-Rivera</u> opinion and
the case law from other circuits suggests that the First Circuit is
unlikely to expand the limited list of exceptions to the second or
successive bar.  <u>Gonzalez v. United States</u>, 135 F. Supp. 2d 112, 120-
121 (D. Mass. 2001), <u>aff'd</u> <u>sub</u> <u>nom.</u> <u>Brackett v. United States</u>,
270 F.3d 60 (1st Cir. 2001).

petition filed after a prior petition was dismissed as untimely is

"second or successive" because a statute of limitations bar is not a

curable technical or procedural deficiency but rather operates as an

irremediable defect barring consideration of the petitioner's

substantive claims); accord Reyes v. Vaughn, 276 F. Supp. 2d

1027, 1029 (C.D. Cal. 2003) (although dismissal based upon the

statute of limitation does not include an examination of the

merits of the underlying substantive claims presented in the

petition, such a dismissal is considered an adjudication of

the merits for purposes of determining whether a subsequent

petition is successive under the AEDPA).[3]

Before a party can file a "second or successive" Section

2254 petition, he or she must file a motion with the court of

appeals.  28 U.S.C. § 2244(b)(3)(A).  The requirement that a motion

to file a "second or successive" habeas petition be filed in the

court of appeals is an allocation of subject-matter jurisdiction to

that court, see United States v. Barrett, 178 F.3d 34, 41 (1st Cir.

1999), and this Court may not consider a second or successive habeas

---

[3]Cf. Plaut v. Spendthrift Farm, 514 U.S. 211, 228 (1995)
("The rules of finality, both statutory and judge made, treat
a dismissal on statute-of-limitations grounds the same way
they treat a dismissal for failure to state a claim, for
failure to prove substantive liability, or for failure to
prosecute: as a judgment on the merits.").

application absent proper authorization from the court of appeals.

Libby v. Magnusson, 177 F.3d 43, 46 (1st Cir. 1999).

This Court has the discretion to dismiss a "second or successive" habeas petition or transfer it to the Court of Appeals for the First Circuit.  Libby, 177 F.3d at 46; accord Gonzalez v. United States, 135 F. Supp. 2d 112, 120 (D. Mass. 2001), aff'd sub nom. Brackett v. United States, 270 F.3d 60 (1st Cir. 2001); see generally First Circuit Local Rule 22.2. I will transfer the petition.

CONCLUSION

Based upon the foregoing, this petition shall be TRANSFERRED to the United States Court of Appeals for the First Circuit.

SO ORDERED.

Dated at Boston, Massachusetts, this 22nd day of June, 2004.


                                    s/ George A. O'Toole, Jr.
                                   GEORGE A. O'TOOLE, JR.
                                   UNITED STATES DISTRICT JUDGE