CERTIFIED COPY

# United States Court of Appeals
## For the First Circuit

No. 04-1835

JERRY FUNDERBERG,

Petitioner,

v.

PAUL M. VERDINI,
SUPERINTENDENT OF MCI SHIRLEY,

Respondent.

Before

Selya, Lynch and Lipez,
<u>Circuit Judges</u>.

JUDGMENT

Entered: August 11, 2004

　　Petitioner, who is serving a state sentence, seeks leave to file a second or successive habeas corpus petition under 28 U.S.C. § 2254. As grounds for the present petition, petitioner relies on the recent United States Supreme Court decisions <u>Blakely</u> v. <u>United States</u>, 124 S. Ct. 2531 (2004), and <u>Ring</u> v. <u>Arizona</u>, 536 U.S. 584 (2002), which he characterizes as a "new rule of law."

　　However, under the relevant gatekeeping provision, a new rule of law can form the basis for a second or successive habeas petition only if that rule is "made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2244(b)(2)(A). To date, the Supreme Court has not declared its ruling in <u>Blakely</u> or <u>Ring</u> to be retroactive to cases on collateral review. Therefore, petitioner may not rely on these cases as a basis for filing a second or successive petition to vacate his state sentence. <u>See</u> <u>Schriro</u> v. <u>Summerlin</u>, 124 S. Ct. 2519 (2004); <u>Simpson</u> v. <u>United States</u>, 2004 WL 1636965 (7th Cir. July 23, 2004)

(denying leave to file second or successive habeas motion based on Blakely); In re Dean, 2004 WL 1534788 (11th Cir. July 9, 2004) (same); see generally Tyler v. Cain, 533 U.S. 656, 663 (2001) ("a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive"); Sustache-Rivera v. United States, 221 F.3d 8, 15 (1st Cir.) (same), cert. denied, 532 U.S. 924 (2001).

"If the Supreme Court eventually makes the [Blakely] rule retroactive, [petitioner] may at that time attempt a claim by second or successive § 225[4] petition." Sustache-Rivera, 221 F.3d at 16-17 (footnote omitted). Until that time, however, the instant application "must be considered premature." Id. at 15 n.12.

The application is denied without prejudice.

By the Court:

Richard Cushing Donovan, Clerk.


By: _____
         Chief Deputy Clerk.

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE AND IN MY LEGAL CUSTODY.

FIRST CIRCUIT COURT OF APPEALS
BOSTON, MA
By: _____ Date: _____

[Cert. Copies to Hon. George A. O'Toole and Tony Anastas, Clerk, United States District Court for the District of Massachusetts]
[cc: Messrs. Funderberg and Reilly]