*04-11279*
*U.S.D.C.///*
*O'Toole, J.*

# MANDATE

# United States Court of Appeals
## For the First Circuit

---

No. 04-1835

JERRY FUNDERBERG,

Petitioner,

v.

PAUL M. VERDINI,
SUPERINTENDENT OF MCI SHIRLEY,

Respondent.

---

Before

Selya, Lynch and Lipez,
<u>Circuit Judges</u>.

---

JUDGMENT

Entered:  August 11, 2004

Petitioner, who is serving a state sentence, seeks leave to file a second or successive habeas corpus petition under 28 U.S.C. § 2254.  As grounds for the present petition, petitioner relies on the recent United States Supreme Court decisions <u>Blakely</u> v. <u>United States</u>, 124 S. Ct. 2531 (2004), and <u>Ring</u> v. <u>Arizona</u>, 536 U.S. 584 (2002), which he characterizes as a "new rule of law."

However, under the relevant gatekeeping provision, a new rule of law can form the basis for a second or successive habeas petition only if that rule is "made retroactive to cases on collateral review by the Supreme Court."  28 U.S.C. § 2244(b)(2)(A).  To date, the Supreme Court has not declared its ruling in <u>Blakely</u> or <u>Ring</u> to be retroactive to cases on collateral review.  Therefore, petitioner may not rely on these cases as a basis for filing a second or successive petition to vacate his state sentence.  <u>See</u> <u>Schriro</u> v. <u>Summerlin</u>, 124 S. Ct. 2519 (2004); <u>Simpson</u> v. <u>United States</u>, 2004 WL 1636965 (7th Cir. July 23, 2004)

(denying leave to file second or successive habeas motion based on <u>Blakely</u>); <u>In re Dean</u>, 2004 WL 1534788 (11th Cir. July 9, 2004) (same); <u>see generally</u> <u>Tyler</u> v. <u>Cain</u>, 533 U.S. 656, 663 (2001) ("a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive"); <u>Sustache-Rivera</u> v. <u>United States</u>, 221 F.3d 8, 15 (1st Cir.) (same), <u>cert. denied</u>, 532 U.S. 924 (2001).

"If the Supreme Court eventually makes the [<u>Blakely</u>] rule retroactive, [petitioner] may at that time attempt a claim by second or successive § 225[4] petition." <u>Sustache-Rivera</u>, 221 F.3d at 16-17 (footnote omitted). Until that time, however, the instant application "must be considered premature." <u>Id.</u> at 15 n.12.

<u>The application is denied without prejudice</u>.

By the Court:

Richard Cushing Donovan, Clerk.

By: _____
          Chief Deputy Clerk.

Certified and Issued as Mandate
under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

Deputy Clerk

Date: SEP 0 1 2004

[Cert. Copies to Hon. George A. O'Toole and Tony Anastas, Clerk, United States District Court for the District of Massachusetts] [cc: Messrs. Funderberg and Reilly]